**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2543-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

HASSAN J. SLY,

    Defendant-Appellant.

_____

Submitted November 7, 2024 – Decided January 22, 2025

Before Judges Rose and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 14-08-1130.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Robert K. Uyehara, Jr., Designated Counsel, on the brief).

Mark Musella, Bergen County Prosecutor, attorney for respondent (Deepa S. Jacobs, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Hassan Sly appeals from the March 17, 2023 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

In September 2013, defendant and his co-defendants Zakeer Roberts, Christian Nova and Mario Ferreira committed a home invasion and armed robbery of a Bergenfield residence. Nova and Ferreira cased the residence of the targeted victim, whom they knew kept cash and controlled dangerous substances (CDS) in his apartment. Roberts and Ferreira drove to and from the residence, Roberts was armed with a long gun, and defendant was armed with a handgun. Ferreira rang the doorbell and when the landlord opened the door of the residence, Roberts and defendant forced their way in. Defendant put the gun to the landlord's head and demanded to know where "the stuff" was.

The victim then emerged from the upstairs apartment. Roberts pointed the long gun at him and demanded to know where his safe was located. The victim brought Roberts to the safe and opened it, revealing minimal contents.

The victim then tried to disarm Roberts and they both tumbled down the stairs, during which the victim was shot in the abdomen. The landlord also attempted to disarm defendant, and defendant shot him. Both individuals

A-2543-22

survived severe, life-threatening injuries, and one of them identified defendant as the shooter. Defendant's DNA was also identified on a hat found at the scene.

On January 8, 2014, when officers arrived at defendant's residence to arrest him on charges related to the home invasion, they discovered a cache of heroin, cocaine and marijuana, which led to additional charges against him.

In August 2014, defendant was charged in a Bergen County indictment with second-degree conspiracy to commit armed burglary, N.J.S.A. 2C:5-2, :18-2 (count one); second-degree conspiracy to commit armed robbery, N.J.S.A. 2C:5-2, :15-1 (count two); second-degree accomplice liability for armed burglary, N.J.S.A. 2C:2-6, :18-2 (count three); first-degree accomplice liability for armed robbery, N.J.S.A. 2C:2-6, :15-1 (count four); first-degree accomplice liability for kidnapping, to facilitate a crime or flight thereof, N.J.S.A. 2C:2-6, :13-1(b)(1) (counts five, six, and seven); first-degree attempted murder, N.J.S.A. 2C:5-1, :11-3 (counts eight and nine); second-degree accomplice liability for possession of a weapon for an unlawful purpose, N.J.S.A. 2C:2-6, :39-4(a) (counts ten and eleven); second-degree accomplice liability for unlawful possession of a weapon, N.J.S.A. 2C:2-6, :39-5(b) (counts twelve and thirteen); and third-degree accomplice liability for hindering, N.J.S.A. 2C:2-6, :29-3(b)(1) (count fourteen), related to the home invasion and robbery.

3

In the same indictment, he was also charged with first-degree accomplice liability for maintaining or operating a CDS production facility, N.J.S.A. 2C:2-6, :35-4 (count sixteen); second-degree accomplice liability for manufacturing or distributing CDS or intent to manufacture or distribute CDS, N.J.S.A. 2C:2-6, :35-5(a)(1) (count seventeen); third-degree accomplice liability for possession of CDS or its analog, N.J.S.A. 2C:2-6, :35-10(a)(1) (counts eighteen and twenty); third-degree accomplice liability for manufacture or distribution of CDS or intent to manufacture or distribute CDS, N.J.S.A. 2C:2-6, :35-5(a)(1) (counts nineteen and twenty-one); and fourth-degree possession of fifty grams of marijuana and five grams of hashish, N.J.S.A. 2C:35-10(a)(3) (count twenty-two), for the CDS found in January 2014.

Nova, Ferreira, and Roberts were also charged in counts one through thirteen, Roberts was charged in count fourteen, and Nova was solely charged in count fifteen.

All three co-defendants entered into negotiated plea agreements. Nova pleaded guilty to second-degree conspiracy to commit burglary (count one) and was sentenced as a third-degree offense to four years. Ferreira pleaded guilty to first-degree accomplice liability for robbery (count four) and was sentenced as a second-degree offense to seven years. Roberts pleaded guilty to two counts of

A-2543-22

first-degree attempted murder (counts eight and nine) and was sentenced to twenty years.

In March 2017, defendant pleaded guilty to first-degree attempted murder (counts eight and nine) and second-degree accomplice liability for possession of over one-half ounce of heroin with the intent to distribute (count seventeen). Under the terms of the negotiated plea agreement, the State recommended an aggregate sentence of twenty years subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, and agreed to dismiss the remaining counts at sentencing.

In sentencing defendant in accordance with his plea agreement, the court found the aggravating factors outweighed the mitigating factors and entered a memorializing judgment of conviction (JOC) on May 25, 2017. Defendant appealed, contending his sentence was excessive. We heard the matter on our sentencing calendar pursuant to Rule 2:9-11 and affirmed.

Defendant filed a verified petition for PCR and supporting certification dated May 13, 2022, stamped "received" and "filed" by the court on June 16, 2022. In his petition, defendant claimed "that in structuring his plea offer, the State unfairly and unjustifiably singled defendant out for harsher punishment for offenses arising out of the exact same conduct and proofs as his [W]hite co-defendants Nova and Ferreira." He argued plea counsel was ineffective for not

5

A-2543-22

challenging the racial disparity during plea negotiations and at sentencing, and appellate counsel was ineffective for not raising the issue on appeal.

On March 17, 2023, the PCR court, in a nineteen-page written opinion, found defendant failed to establish a prima facie case of ineffective assistance of counsel and denied the petition without an evidentiary hearing.

On appeal, defendant raises the following issues for our consideration:

POINT I

THE DENIAL OF DEFENDANT'S PCR SHOULD BE REVERSED BECAUSE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL FOR HIS GUILTY PLEA RESULTING IN DEFENDANT RECEIVING A DISPARATE SENTENCE FROM HIS WHITE CO-DEFENDANTS.

POINT II

THE PCR COURT ERRED IN DENYING DEFENDANT'S PCR WITHOUT AN EVIDENTIARY HEARING.

II.

We review the legal conclusions of a PCR judge de novo. State v. Harris, 181 N.J. 391, 419 (2004) (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)). The de novo standard also applies to mixed questions of law and fact. Ibid. Where an evidentiary hearing has not

6

been held, we "conduct a de novo review of both the factual findings and legal conclusions of the PCR court . . . ." Id. at 421.

Defendant argues counsel was ineffective for failing to argue during plea negotiations, at sentencing and on appeal that defendant, a Black male, received a disparate sentence compared to his White co-defendants: Nova, the ringleader of the conspiracy, and Ferreira, who staked out the victim and drove to and from the home invasion. Defendant further contends the PCR judge diminished the role Nova and Ferreira played in the home invasion and but for his counsel's deficient representation, he would not have received a lengthier sentence than they did. Defendant also claims he was entitled to an evidentiary hearing.

For the first time, the State argues defendant's petition was untimely under Rule 3:22-12(a)(1). Alternatively, the State argues the PCR judge correctly denied the petition without an evidentiary hearing.[1]

---

[1] We agree with the State's contention that a claim of disparate sentencing cannot be raised on PCR, absent a claim of an illegal sentence. See State v. Hyland, 238 N.J. 135, 145 (2019) (holding illegal sentences are those that "exceed the penalties authorized for a particular offense," or sentences that "are not authorized by law"); see also State v. Acevedo, 205 N.J. 40, 45-47 (2011) (holding claims of excessive sentence are not available on PCR and may only be raised on direct appeal). However, because defendant argues counsel was ineffective for failing to argue racial disparity, we are satisfied he may raise the issue on PCR. State v. Preciose, 129 N.J. 451, 460 (1992) ("Ineffective[] assistance-of-counsel claims are particularly suited for post-conviction review because they often cannot reasonably be raised in a prior proceeding.").

As to the petition's timeliness, we first note the State did not raise this issue before the PCR court. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (recognizing appellate courts will decline to address issues not brought to the attention of the trial court, unless they pertain to the court's jurisdiction or an issue of substantial public importance); State v. Arthur, 184 N.J. 307, 327 (2005) (applying Nieder to PCR appeals). A PCR court "has an independent, non-delegable duty to question the timeliness of [a first PCR] petition." State v. Brown, 455 N.J. Super. 460, 470 (App. Div. 2018). Because the timeliness of a petition determines whether the court had subject matter jurisdiction to adjudicate the claims, we address the issue.

Generally, a first petition for PCR may not be filed "more than [five] years after the date of entry pursuant to Rule 3:21-5 of the [JOC] that is being challenged." R. 3:22-12(a)(1). The five-year period commences when the JOC is entered and is neither stayed nor tolled by appellate or other review proceedings. State v. Dillard, 208 N.J. Super. 722, 727 (App. Div. 1986). In criminal actions, "a paper is filed in the trial court if the original is filed . . . with the Criminal Division Manager in the county of venue," R. 1:5-6(b)(2); however "the judge or, at the judge's chambers, a member of the staff may accept papers

for filing if they show the filing date and the judge's name and office," R. 1:5-6(b).

Rule 3:22-12(a)(1)(A) provides a petition may be filed outside the five years if "it alleges facts showing that the delay beyond said time was due to defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice."

Our Supreme Court recognized that "procedural bars to [PCR] exist 'in order to promote finality in judicial proceedings,'" State v. Hannah, 248 N.J. 148, 200-01 (2021) (quoting State v. Goodwin, 173 N.J. 583, 593 (2002)), and that Rule 3:22-12(a) "should be relaxed only under 'exceptional circumstances.'" Id. at 201 (quoting Goodwin, 173 N.J. at 594).

Here, defendant's petition was received and filed by the court more than five years after entry of the JOC. Neither party raised the issue of timeliness before the PCR court and defendant did not reply to the State's argument in this regard on appeal. Because the record is devoid of any explanation that could establish excusable neglect, we are persuaded defendant's petition was untimely and therefore was subject to dismissal on jurisdictional grounds.

Notwithstanding the jurisdictional bar, we address the substance of the petition. To succeed on a claim of ineffective assistance of counsel, a defendant must establish by a preponderance of the evidence both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). State v. Gaitan, 209 N.J. 339, 350 (2012). First, a "defendant must show that counsel's performance was deficient." Strickland, 466 U.S. at 687. A defendant must demonstrate "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Ibid. The Constitution requires "reasonably effective assistance," so an attorney's performance may not be attacked unless it was not "within the range of competence demanded of attorneys in criminal cases" and instead "fell below an objective standard of reasonableness." Id. at 687-88.

When assessing the first Strickland prong, "[j]udicial scrutiny of counsel's performance must be highly deferential," and "every effort [must] be made to eliminate the distorting effects of hindsight." Id. at 689. "Merely because a trial strategy fails does not mean that counsel was ineffective." State v. Bey, 161 N.J. 233, 251 (1999) (citing State v. Davis, 116 N.J. 341, 357 (1989)). Thus, a reviewing court "must indulge a strong presumption that counsel's conduct falls

within the wide range of reasonable professional assistance," and "the defendant must overcome the presumption that, under the circumstances, the challenged action [by counsel] 'might be considered sound trial strategy.'"  Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

To satisfy the second prong of Strickland, "the defendant must show that the deficient performance prejudiced the defense."  466 U.S. at 687.  This means "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  Ibid.

A defendant's right to effective assistance of counsel also extends to the plea negotiation process.  Lafler v. Cooper, 566 U.S. 156, 162 (2012); accord State v. Chau, 473 N.J. Super. 430, 445 (App. Div. 2022).  When a defendant seeks "[t]o set aside a guilty plea based on ineffective assistance of counsel, a defendant must show . . . 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'"  State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009) (alterations in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)); see also Lafler, 566 U.S. at 163 (holding a defendant claiming ineffective assistance of counsel at the plea stage must show that "the outcome of the plea process would have been different with competent advice").  A defendant also

"must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010); accord State v. Aburoumi, 464 N.J. Super. 326, 339 (App. Div. 2020).

A petitioner is not automatically entitled to an evidentiary hearing simply by raising a PCR claim. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). To obtain an evidentiary hearing, a petitioner must establish, by a preponderance of the evidence, a prima facie case for relief, material issues of disputed fact, and the necessity of an evidentiary hearing to resolve the claims. R. 3:22-10(b). A PCR court must view the facts in the light most favorable to the petitioner in deciding whether a prima facie case of ineffective assistance of counsel has been established. State v. Jones, 219 N.J. 298, 311 (2014).

"[I]n order to establish a prima facie claim, a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel." Cummings, 321 N.J. Super. at 170. "[R]ather, the defendant 'must allege facts sufficient to demonstrate counsel's alleged substandard performance.'" Jones, 219 N.J. at 312 (quoting State v. Porter, 216 N.J. 343, 355 (2013)). Where a "court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to [PCR] . . . or that the defendant's allegations are too vague, conclusory, or speculative to warrant an evidentiary

hearing . . . then an evidentiary hearing need not be granted." State v. Marshall, 148 N.J. 89, 158 (1997) (citations omitted); see R. 3:22-10(e)(1)-(2).

Finally, when considering the imposition of disparate sentences, a "trial court must determine whether the co-defendant is identical or substantially similar to the defendant regarding all relevant sentencing criteria." State v. Roach, 146 N.J. 208, 233 (1996).

Defendant failed to demonstrate he was similarly situated to his co-defendants either during plea negotiations or at sentencing. Here, in addition to the charges he, Nova and Ferreira collectively faced, defendant was charged with additional first-, second- and third-degree CDS offenses and was therefore subject to a substantially greater maximum term than his co-defendants. Unlike defendant, Nova and Ferreira did not have any history of criminal activity and agreed to cooperate with law enforcement in the prosecution of the case. Defendant was also more culpable than them because during the robbery he and Roberts forced their way into the residence at gunpoint, robbed and shot the victims; unlike Nova, who orchestrated the robbery, and Ferreira, who was the driver.

Defendant also received the same aggregate twenty-year sentence as Roberts, who also pleaded guilty to two counts of attempted murder, even though defendant pleaded guilty to an additional CDS offense.

Accordingly, defendant failed to establish counsel was ineffective for not raising a disparity issue when he pleaded guilty, at sentencing or on appeal, because there was no basis on which counsel could successfully raise this argument.

Defendant also failed to demonstrate that, but for counsel's errors, he would not have pleaded guilty. Defendant faced trial on a twenty-two-count indictment including multiple first- and second-degree offenses. His co-defendants' plea agreements required them to provide truthful testimony against him, a victim identified him as the perpetrator, and his DNA was found at the scene. Thus, defendant could not show he would have rejected the plea offer or that a rejection would have been rational under the circumstances.

Because defendant did not establish the first prong of Strickland, the PCR court correctly determined he was not entitled to an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

14                                                                    A-2543-22